# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-626V
Filed: August 6, 2025

| | |
|---|---|
| P.J.,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Danielle Anne Strait, Mctlaw, Seattle, WA, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON MOTION TO REDACT[1]

On April 26, 2019, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that she suffered a cerebral vascular injury as a result of her August 11, 2016 meningococcal vaccination. (ECF No. 1.) On January 3, 2025, a decision issued dismissing the petition. (ECF No. 71.) On January 13, 2025, petitioner moved to redact that decision. (ECF No. 72.) For the reasons discussed below, petitioner's motion is **GRANTED.**

    I.    **Legal Standard**

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part, that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

> [a] decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information . . .
>
> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
>
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 300aa-12(d)(4)(B). The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act. There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts. *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure. 2011 WL 802695, at *5-8. The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate. *Id.* at *10-11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion. Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion. Such redaction decisions can only be reached on a case-by-case basis.

*Langland*, 2011 WL 802695, at *9 (footnote omitted).

2

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act ("FOIA"), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. at 458. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 460-61. Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed. *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request"). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred. *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case").

As of July 29, 2024, Vaccine Rule 18 was amended to require an objecting party to submit documentation showing, inter alia, either that employment or personal safety would be adversely affected by release of the medical information contained in the decision at issue. Vaccine Rule 18(c)(1). A motion to redact "will be denied" if it only "contains a general objection to the disclosure of a party's name." Vaccine Rule 18(c)(2)(B).

## II.     Discussion

Petitioner requests that the publicly available version of the decision dismissing her case reduce her name to initials. (ECF No. 72, ¶ 4.) As has been observed in prior cases, this represents a minimal request for relief. *E.g.*, *P.M. v. Sec'y of Health & Human Servs.*, 16-949V, 2019 WL 8013921, at *2 (Fed. Cl. Spec. Mstr. Oct. 25, 2019). In support of the request, petitioner submitted an affidavit, which, in part, explains that her job brings her in contact with a wide cross-section of the public, including, low income, homeless, and incarcerated individuals. (Ex. 53, ¶ 3.) Moreover, petitioner explains that she has previously been the victim of stalking on multiple occasions stemming from her workplace interactions with the public. (*Id.* ¶ 4.) Petitioner argues that publishing her name in connection with the additional details contained in the decision at issue will facilitate further stalking. (ECF No. 72, ¶ 6.) Respondent filed no response.

3

Vaccine Rule 18(c)(1)(B) specifically contemplates that a petitioner may document that publication of a decision would adversely affect "personal safety or well-being." In this case, petitioner has presented information indicating not merely a generic fear of stalking, but a concrete indication that she herself is subject to a heightened risk for stalking. Moreover, the requested redaction is minimal, and respondent has raised no objection or competing understanding of the applicable legal standard. Accordingly, I conclude that petitioner has substantiated her request for redaction.

### III.     Conclusion

Accordingly, petitioner's motion is **GRANTED**. All references to petitioner's name in the caption of the January 3, 2025 decision will be redacted. Additionally, the Clerk of the Court is hereby instructed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
