# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-626V
### Filed: May 7, 2026

|  |  |
|---|---|
| P.J.,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner |

*Chellis Garcia, Mctlaw, Washington, DC, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 26, 2019, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that she suffered a cerebrovascular injury as a result of a meningococcal vaccine administered on August 11, 2016. (ECF No. 1.) On January 3, 2025, a decision was issued finding that petitioner is not entitled to compensation. (ECF No. 71.) On February 10, 2025, judgment entered dismissing the case. (ECF No. 73.)

This decision now addresses petitioner's motion for an award of final attorneys' fees and costs, filed on July 18, 2025. (ECF Nos. 76, 80.)[3] Petitioner seeks an award

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

[3] On August 6, 2025, petitioner subsequently filed a motion to strike her filing of her attorneys' fees invoice as filed at ECF No. 76-2 due to duplicative exhibit designations. (ECF No. 80.) Petitioner refiled

totaling $130,886.43, including $94,240.60 in attorneys' fees and $36,645.83 in attorneys' costs.  (ECF No. 76, pp. 2, 6.)  In his response, respondent agreed that the statutory requirements for an award of attorneys' fees and costs have been met,[4] and deferred to the court with respect to what would constitute a reasonable amount for such an award.  (ECF No. 77.)

In determining the appropriate amount to be awarded, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id*. at 1348.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Based on a review of the billing records accompanying petitioner's motion, the hourly rates requested are reasonable and consistent with what has previously been accepted.  *E.g.*, *Gornowicz v. Sec'y of Health & Human Servs.*, No. 17-2053V, 2026 WL 988604, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 16, 2026); *Elliot v. Sec'y of Health & Human Servs.*, No. 21-512V, 2024 WL 2272271, at *1 (Fed. Cl. Spec. Mstr. Apr. 19, 2021); *Larsen v. Sec'y of Health & Human Servs.*, No. 17-1165V, 2022 WL 1153476, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2022).  Additionally, based on my review of the billing records, I find the hours billed to be reasonable overall in light of the medical complexity and procedural history of the case.[5]  Moreover, respondent has not raised any objection to the hours billed "with particularity."  Vaccine Rule 13(a)(3).

---

the invoice with a corrected exhibit designation at ECF No. 81-2.  In light of the issuance of this decision, petitioner's motion to strike at ECF No. 80 is hereby deemed MOOT.

[4] Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

[5] Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In reviewing fee applications, special masters need not engage in a line-by-line analysis.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the program to determine the reasonable number of hours expended.

2

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Most of the requested costs are expert expenses, specifically, $3,875.00 for the work of neurologist Ryan Felling, M.D., Ph.D., and $30,460.00[6] for the work of immunologist Sohail Ahmed, M.D., both of whom billed at $500 per hour.  (ECF No. 76, pp. 3-4; ECF No. 76-3, pp. 43, 56-60, 66-67, 69, 71, 84-85.)  The remaining costs are also reasonable and sufficiently documented.

In light of the above, petitioner's motion (ECF No. 76) is **GRANTED** and petitioner is awarded a lump sum of $130,886.43, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Chellis Garcia's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

   **IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

[6] In her motion, petitioner misstates that she incurred $27,760.00 in costs for Dr. Ahmed's work in this case.  (ECF No. 76, p. 4.)  Careful review of the invoices submitted by petitioner indicates that Dr. Ahmed performed 60.92 hours of work billed at an hourly rate of $500, which totals $30,460.00.  (ECF No. 76-3, pp. 56-60, 66-67, 71, 84-85.)  However, petitioner's calculation of total costs incurred correctly accounts for $30,460.00 in costs for Dr. Ahmed's services.  (*See id.* at 1-3.)  Therefore, this error has no impact on the total amount of costs requested.

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).